IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 05-cv-02122-LTB-MEH

FRED LADD and
LORETTA SUZANNE LADD,

    Plaintiffs,

v.

RESEARCH TRIANGLE INSTITUTE, a North Carolina corporation, also known as
RESEARCH TRIANGLE INSTITUTE INTERNATIONAL,

    Defendant.

## PROTECTIVE ORDER

    It is hereby ORDERED pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that the following terms and conditions shall govern the disclosure and use of information (including documents, testimony, answers to interrogatories, admissions, data, other materials, and their contents) in this litigation:

    1.    This Order shall be binding on: (a) each named party; and (b) each third-party who receives "Confidential" information (as defined herein) in connection with this litigation.

    2.    To preserve the legitimate proprietary and privacy interests of sources of information, this Order establishes a procedure for disclosing Confidential information, imposes obligations on persons receiving Confidential information to protect such information from unauthorized use or disclosure, and establishes a procedure whereby confidentiality designations may be challenged. This Order applies only to information produced or disclosed during the course of this litigation, either by the parties to the suit or by third parties, that is not otherwise publicly available.

3. All information produced or discovered in this litigation, regardless of whether it is designated confidential, shall be used solely for the prosecution or defense of this litigation and for no other purpose, unless such information has become publicly available without a breach of the terms of this Order.

4. This Order imposes restrictions upon who may receive information produced or disclosed during the course of this litigation that is designated "Confidential" by the disclosing party.

5. The designation "Confidential" shall be limited to information that the disclosing party reasonably believes is of a proprietary or commercially sensitive nature or should otherwise be subject to confidential treatment.

6. To designate information "Confidential" a disclosing party must so mark it or, in the case of a deposition transcript, designate it as provided in Paragraph 12. The designation may be withdrawn by the disclosing party. The disclosing party must mark each page of each document and/or each significant component of each object containing Confidential information with the appropriate designation as required. A cover letter can be used, if appropriate, to designate computerized data as "Confidential."

7. The failure to designate correctly any Confidential information produced or disclosed in this litigation does not waive the confidence otherwise attaching to the Confidential information. Upon a disclosing party's discovery that information was incorrectly designated, that disclosing party shall provide notice to the other litigants that the information was inappropriately designated. The disclosing party shall then have seven (7) business days in

which to redesignate the information.  In the interim, the information may not be used in a manner inconsistent with the notice.

8. Inadvertent production of information that a disclosing party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege.  Upon discovery by a disclosing party that it has produced an Inadvertently Produced Privileged Document, the disclosing party shall promptly notify all parties to which such information was produced.  A disclosing party may request the return of any Inadvertently Produced Privileged Document by identifying the information inadvertently produced and stating the basis for withholding such information from production.  If a disclosing party requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Document in the custody of another party, the possessing party shall within three (3) business days return to the disclosing party the Inadvertently Produced Privileged Document (and all copies thereof) and shall expunge from any other document or material any information reflecting the contents of the Inadvertently Produced Privileged Document.  The party returning such material may then move the Court for an order compelling production of the material, as may be appropriate.

9. Except as otherwise provided herein, information designated "Confidential" may be disclosed only to:

    a)     The opposing party or parties;

    b)     Outside counsel for the parties;

    c)     Consulting or testifying experts retained by outside counsel in this litigation;

      d)      The Court;

      e)      Court reporters (including audio and video);

      f)      Special masters;

      g)      Private arbitrators and mediators;

      h)      The direct staff of, and any contract support personnel employed or retained by, the foregoing persons, provided that they are actively involved in this litigation; and

      i)      Others specifically identified and authorized in writing by the disclosing party.

10.    Before receiving any Confidential information pursuant to Paragraph 9 of this Order, the following individuals must also agree in writing, in the form attached hereto as Exhibit A, that they, as well as any direct staff or contract support personnel employed or retained by them, will strictly adhere to the terms of this Order:

      a)      Consulting or testifying experts retained by outside counsel in this litigation;

      b)      Court reporters (including audio and video); and

      c)      Private arbitrators and mediators.

Counsel shall be responsible for obtaining and retaining the required signatures.

11.    Subject to the following restrictions, a party may utilize Confidential information in the course of examining a witness during a deposition:

      a)      Counsel noticing the deposition shall attach a copy of this Order to the deposition notice, which shall instruct the witness and his or her attorney to read the Order before attending the deposition. At the beginning of the deposition, the witness shall be asked to confirm that he or she has read the Order. If the witness has not read

the Order, he or she shall be provided with another copy of the Order and instructed to read it. When the witness has finished reading the Order, he or she shall confirm on the record that it has been read. In the case of a non-party witness, the same procedures shall be followed for his or her counsel. The witness (and his or her attorney, if a non-party) shall be admonished that he or she is bound by the Order and is potentially subject to sanctions for violating its terms.

b)  During the deposition of any expert retained by outside counsel to testify on behalf of a party in this litigation, the party conducting the deposition may utilize the Confidential information provided by any disclosing party.

c)  During the deposition of any non-expert witness, the party conducting the deposition may utilize only: (i) its own Confidential information; and (ii) the Confidential information provided by the named party or third-party being deposed. A party's use of its own Confidential information during such a deposition shall not, standing alone, constitute a waiver of the confidence attaching to that information.

d)  If the Confidential information of a deposing party is revealed during a deposition of a non-expert witness, the witness (and if the witness is a non-party, his or her counsel as well) shall be prohibited from disclosing such Confidential information to others or otherwise making any use of such information other than in connection with this litigation.

e)  During a deposition, participating counsel and witnesses are encouraged to give advance notice to others who may be present if they intend to use or disclose Confidential information that persons attending the deposition may not be entitled to

receive. If, during a deposition, deposing counsel states that he or she intends to use Confidential information when examining the witness, or the witness or his or her counsel states that an answer to a pending question will reveal Confidential information, those attending the deposition who are not authorized to receive such Confidential information must leave the deposition room until the questioning concerning that information has been completed. To minimize disruption at a deposition, deposing counsel should endeavor in good faith to reserve until the end of a deposition all questions that he or she reasonably believes will involve the use of Confidential information or may elicit responses disclosing such information.

12.     Deposition transcripts shall presumptively be considered to have been designated "Confidential" for a period of thirty (30) days following service of the official transcript. In the interim, and upon further review of the transcript, the deponent, his counsel, or any other party may redesignate all or portions of the transcript as "Confidential," which designation shall remain in effect for the duration of this Order. The deponent, his or her counsel, or another party making such a designation must advise counsel of record and the court reporter of any changes to the original designation. The court reporter shall mark the face of the transcript appropriately. If any portion of a videotaped deposition is designated pursuant to this paragraph, the videocassette or other videotape or CD-ROM container shall be labeled with the appropriate legend. Nothing in this paragraph shall prevent a party from making specific designations on the record during a deposition, and the court reporter shall mark the face of the transcript appropriately in that event.

13.     When serving subpoenas on third parties, a copy of this Order shall be included with the subpoena.  The protections afforded disclosing parties under this Order shall be available to all third parties from whom discovery is sought in this litigation.

14.     All pleadings, motions, briefs, memoranda, and related submissions containing Confidential information shall be filed under seal.

15.     The use of Confidential information in hearings and other pre-trial proceedings before the Court shall be subject to the following requirements:

a)      A party may refer to Confidential information in pre-trial conferences before the Court, at evidentiary or other hearings, and at trial.  The use of Confidential information at trial shall be addressed in the final pre-trial order, except that the words "Confidential" shall be removed from documents before such documents are used at trial.  The removal of those words shall not affect the protections afforded to the Confidential information itself.

b)      Any party that reasonably believes it will disclose Confidential information in any pre-trial proceeding before the Court shall so inform the Court and the disclosing party at least forty-eight (48) hours in advance of actual disclosure so that the Court can decide what precautions, if any, are appropriate to protect the disclosing party's Confidential information, including:  (i) how exhibits containing Confidential information should be introduced at the proceeding in order to maintain their confidentiality; (ii) how any references to those exhibits or other Confidential information should be made on the record; (iii) how witnesses should be instructed on their confidentiality obligations under this Order; (iv) whether persons who are not

7

authorized to receive Confidential information should be excluded from those portions of the proceeding that concern such information; and (v) how the pertinent portions of a transcript of the proceeding should be designated.  A party's obligation, as set out in this paragraph, is satisfied by that party's explicit citation to the Confidential information in any papers filed with the Court in connection with the proceeding and received by the disclosing party at least forty-eight (48) hours prior to the proceeding.

16. The following procedures shall govern any challenges to confidentiality designations:

a) If a party reasonably believes that information produced in this litigation should not have been designated "Confidential," it must provide the disclosing party with a written objection that identifies the information at issue and states its reasons for questioning the confidentiality designation.  The disclosing party must respond in writing within ten (10) business days, or within such additional time as is reasonable (taking into account the number of documents or other information in issue) and is agreed to by counsel or ordered by the Court.

b) If the party challenging the confidentiality designation is not satisfied by the disclosing party's response, it may move the Court to lift the confidentiality designation, as may be appropriate.  Until the Court rules, the confidentiality designation shall remain in effect.  If the Court rules that the information should not be designated Confidential, the original designation shall remain in effect for five (5) business days after the Court's Order.

17. Nothing in this Order shall prevent a party from using or disclosing its own information as it deems appropriate without impairing the confidentiality obligations imposed upon all other parties and persons subject to this Order.

18. This Order shall survive the termination of this litigation. Within ninety (90) days of final termination of this litigation, the parties must return to the disclosing parties or destroy all Confidential information in their possession. When each party has completed its obligations under this Paragraph, it shall provide written notice to that effect to each disclosing party.

19. Any party or person receiving Confidential information covered by this Order that receives a request or subpoena for production or disclosure of Confidential information shall immediately give written notice to the disclosing party and to its counsel identifying the information sought and enclosing a copy of the subpoena or request. The person subject to the subpoena or other request shall not produce or disclose the requested Confidential information without consent of the disclosing party unless: (a) the disclosing party fails to seek relief from the subpoena or request in a timely manner; or (b) notwithstanding the disclosing party's request for relief, production or disclosure is ordered by a court of competent jurisdiction.

Dated at Denver, Colorado, this 12th day of June, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 05-cv-02122-LTB-MEH

FRED LADD and
LORETTA SUZANNE LADD,

    Plaintiffs,

v.

RESEARCH TRIANGLE INSTITUTE, a North Carolina corporation, also known as
RESEARCH TRIANGLE INSTITUTE INTERNATIONAL,

    Defendant.

---

**PROTECTIVE ORDER**
**EXHIBIT A**

---

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

Name & Company/Firm Affiliation: _____

_____

Address: _____

_____

Telephone: _____

    I HAVE READ AND ACKNOWLEDGE THAT I AM BOUND BY THE PROTECTIVE ORDER ENTERED IN THIS LITIGATION, AND UNDERSTAND THAT THIS ORDER SHALL ALSO BE BINDING UPON MY DIRECT SUPPORT STAFF AND OTHER PERSONNEL WHO MAY ASSIST IN MY WORK ON THIS MATTER.

_____    _____
Signature    Date