**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE**

Civil Case No. 05-cv-02122-LTB-OES

FRED LADD and
LORETTA SUZANNE LADD,

    Plaintiffs

v.

RESEARCH TRIANGLE INSTITUTE, a North Carolina corporation, also known as
RESEARCH TRIANGLE INSTITUTE INTERNATIONAL,

    Defendant.

_____

**Order**
_____

    Plaintiffs Fred and Loretta Ladd ("the Ladds") move to modify or reconsider the September 18, 2006 Order ("the September Order") addressing the motion to dismiss filed by defendant Research Triangle Institute ("RTI"). In the September Order this Court denied RTI's motion to dismiss for lack of subject matter jurisdiction, granted RTI's motion to dismiss for lack of personal jurisdiction and transferred the case to the Eastern District of North Carolina pursuant to 28 U.S.C. § 1631.

    The Ladds file this motion not to amend the judgment, but to alter one of the findings contained in the September Order. The Ladds contend that this Court erred in finding that the Defense Base Act ("DBA"), 42 U.S.C. § 1651, *et seq.,* and the Longshore and Harbor Worker's Compensation Act ("LHWCA"), 33 U.S.C. § 901, *et seq.,* did not pre-empt state workers compensation laws. The Ladds concede that this error "had no effect on (the Court's) ultimate ruling." The Order resolved the issue of subject matter jurisdiction by concluding that the

Colorado Workers Compensation Act at issue in this case did not apply because the contract between Ladd and RTI was not signed in Colorado. This latter finding, according to the Ladds, rendered the portion of the decision discussing federal pre-emption *obiter dictum.* RTI, in response, agrees that the DBA pre-empts state workers compensation laws, but argues further that it also pre-empts state tort law claims, including those of the Ladds, which should accordingly be dismissed. RTI does not address the other issues in the September Order.

I cannot grant the Ladds' motion for several reasons. First, this case has already been transferred to the Eastern District of North Carolina. I am not aware of any authority granting me the right to amend an Order in a case over which I retain no jurisdiction. Second, the Ladds argue that the portion of the September Order they dispute is dicta. I am not aware of any Rule of Civil Procedure that empowers a Judge to revise dicta. Additionally, since the finding the Ladds dispute did not resolve this issue, it is not necessarily governed by law of the case doctrine. *See In re Meridian Reserve, Inc.,* 87 F.3d 406, 410 (10th Cir. 1996). So, the September Order does not bar the Ladds from making the same arguments they make in this motion before the Eastern District of North Carolina.

It is so Ordered that the Ladds' Motion to modify or revise the Court's Order of September 18, 2006 (Docket # 66) is DENIED.

**DONE and ORDERED,** this   24th   day of October, 2006 at Denver, Colorado.

                                               s/Lewis T. Babcock
                                               United States District Chief Judge